# In the United States Court of Federal Claims

No. 24-634C
Filed: May 8, 2024
NOT FOR PUBLICATION

---

**CALVIN MCMILLAN,**

      *Plaintiff,*

v.

**UNITED STATES,**

      *Defendant.*

---

**ORDER**

The plaintiff, proceeding *pro se*, filed this action on April 19, 2024. He also filed a motion for leave to proceed *in forma pauperis*.[1] The plaintiff did not sign the complaint. Because Rule 11(a) of the Rules of the Court of Federal Claims ("RCFC") requires a pro se plaintiff to sign the complaint, on April 23, 2024, the Court ordered the plaintiff to file a signed copy of his complaint by May 3, 2024. The plaintiff's signed complaint was received on May 6, 2024, and was ordered to be filed.

The complaint fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims and is dismissed pursuant to RCFC 12(b)(1) and 12(h)(3) and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006).

Even when a plaintiff is proceeding *pro se*, the complaint must satisfy basic pleading requirements. One such requirement is to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a complaint fails

---

[1] Based on the information contained in the plaintiff's motion, the plaintiff is eligible to proceed *in forma pauperis*, and the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED** for the limited purpose of dismissing the complaint.

to do so, a court "may dismiss *sua sponte* under Rule 12(b)(6)." *Anaheim Gardens*, 444 F.3d at 1315. For example, a court may dismiss a plaintiff's complaint without a motion by the defendant when a claim is based on "frivolous allegations" that are "insufficient to state a plausible claim for relief." *Wickramaratna v. United States*, No. 2022-1786, 2022 WL 17495907, at *1 (Fed. Cir. Dec. 8, 2022) (*per curiam*). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The complaint is difficult to understand, but the plaintiff appears to allege that a United States Representative is involved in human trafficking. As a result of the plaintiff complaining to his wife about the activities of this Member of Congress, the plaintiff alleges that local police unfairly enforced a local sign ordinance against the plaintiff's hair salon. The plaintiff also alleges that various adverse actions have been taken against him because of his complaint to the Federal Bureau of Investigation regarding the Member of Congress. Eventually, the plaintiff alleges that he ran for governor of South Carolina in 2022, where he was then living, "to clear [his] name of the infamous claims against [him]."

The plaintiff had filed an identical claim in this court on March 11, 2024, naming the Member of Congress as the defendant. *See* No. 24-395. That case was dismissed on March 28, 2024, because it failed to name the United States as the defendant. The plaintiff then refiled the identical claim here, naming the United States as the defendant.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act waives the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is: "(1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating

compensation by the federal government for damages sustained," unless arising from a tort. *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing, *inter alia, United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)).

Under the Tucker Act, the Court of Federal Claims does not have jurisdiction over any defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"); *United States v. Jones*, 131 U.S. 1, 9 (1889). Accordingly, to the extent a complaint seeks damages from defendants other than the United States, the Court of Federal Claims lacks jurisdiction to consider those claims, and the complaint must be dismissed against any defendants other than the United States for lack of jurisdiction.

The plaintiff's complaint fails to identify any claim against the United States. There is no allegation that the plaintiff has a contract with the United States, that the United States took the plaintiff's property, that the United States has failed to pay the plaintiff, or that the United States has illegally exacted funds from the plaintiff. The complaint is opaque as to the basis for any claim against the United States founded on a money-mandating provision of law. In short, the plaintiff alleges no conduct by the United States that caused him any injury.

The plaintiff's allegations are against an individual Member of Congress. An individual Members of Congress, acting individually in his personal capacity does not act on behalf of the United States. In addition, the claims the plaintiff raises all sound in tort, and claims sounding in tort are excluded from the court's jurisdiction under 28 U.S.C. § 1491(a)(1).

In the absence of any basis for imposing monetary liability on the United States, the Court of Federal Claims lacks jurisdiction over the claim, and the complaint must be deemed frivolous. Under 28 U.S.C. § 1915(e)(2)(B)(i), a frivolous complaint in an action being pursued *in forma pauperis* must be dismissed.

Before dismissing a complaint for lack of jurisdiction, 28 U.S.C. § 1631 requires the court to consider whether to transfer the case to a federal court that could properly exercise jurisdiction. Because the complaint fails to identify a non-frivolous basis for suing any party in federal court, transfer to another federal court is not appropriate.

Even construed liberally, the complaint fails to state a plausible claim for relief within the limited jurisdiction of the Court of Federal Claim and is frivolous. Accordingly, the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and RCFC 12(b)(1) and 12(h)(3). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal filed by the plaintiff would not be taken in good faith. The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**
